O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2115 PSG (AJWx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Juicy Whip, Inc. v. Flavorchem | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Remanding the Case

I.     Background

On March 26, 2009, Flavorchem Corporation ("Defendant") removed this case to the Court on the basis of diversity jurisdiction. Then, on April 2, 2009, the Court ordered Defendant to show cause in writing no later than April 23, 2009 why this action should not be remanded. Specifically, the Court brought to Defendant's attention two deficiencies in its Notice of Removal. First, the pleadings failed to allege the citizenship of Juicy Whip, Inc. ("Plaintiff"). Second, the jurisdiction averment by Defendant was patently insufficient under 28 U.S.C. § 1332(c).

On April 22, 2009, Defendant filed a response to the Court's April 2, 2009 Order to Show Cause ("OSC").

II.     Legal Standard

When a defendant removes a case pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction, the burden is on the defendant to prove that the court has subject matter jurisdiction over the case. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where the initial pleading does not disclose the citizenship of each party and the amount-in-controversy, the case is not removable unless the defendant can prove these jurisdictional facts. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

III.     Discussion

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2115 PSG (AJWx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Juicy Whip, Inc. v. Flavorchem | | |

Defendant removed the case on the basis of diversity jurisdiction. However, because it appeared that diversity jurisdiction was lacking in this case, the Court issued an OSC, to which Defendant was required to respond by April 23, 2009.[1] Defendant timely filed a response. However, for the reasons that follow, the Court finds the response to be inadequate.

The basic requirement in diversity cases is that all plaintiffs must be of different citizenship than all defendants; any instance of common citizenship prevents federal diversity jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). For diversity purposes, a corporation has dual citizenship: "(A) corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In its Complaint, Plaintiff alleges that it is a California Corporation. *Compl.* ¶ 1. Defendant makes a similar allegation in its Notice of Removal. It states that Plaintiff is a California corporation, doing business in the State of California. *Not. of Removal* ¶ 3. As noted above, a corporation's citizenship is determined by both its state of incorporation *and* its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, both of these allegations are inadequate for the purposes of establishing diversity jurisdiction since they do not speak to the issue of Plaintiff's principal place of business.

Federal courts are courts of limited jurisdiction and limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Accordingly, whomever invokes the Court's jurisdiction has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). In this case, the Court brought to Defendant's attention the fact that both the Complaint and the Notice of Removal fail to allege Plaintiff's principal place of business. However, noticeably absent from Defendant's Response to the Court's OSC are any facts establishing Plaintiff's principal place of business. It was incumbent upon Defendant to properly establish each party's citizenship, *see Gaus,* 980 F.2d at 566; its failure to do so means that this Court cannot ensure that complete diversity exists. For that reason, the Court finds that it lacks subject matter

---

[1] The subject matter jurisdiction of a district court may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial court. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also* Fed. R. Civ. P. 12(h)(3).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2115 PSG (AJWx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Juicy Whip, Inc. v. Flavorchem | | |

jurisdiction and, accordingly, REMANDS the case to state court.

IV.     Conclusion

     Based on the foregoing, the Court REMANDS the case.  The clerk is hereby directed to close this case.